**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS CASTILLO, ARMANDO HERRERA, SHERIDDAN VASQUEZ,<br><br>*Plaintiffs*,<br><br>-against-<br><br>ROMAN ISAKOV, DAVID ABRAMOV, VISION CELLULAR INC., ST. NICHOLAS MOBILE OF NY INC.,<br><br>*Defendants*. | No.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs NICHOLAS CASTILLO, ARMANDO HERRERA, AND SHERIDDAN VASQUEZ, by and through their attorney, Mohammed Gangat, Esq., bring this complaint against Defendants ROMAN ISAKOV, DAVID ABRAMOV, VISION CELLULAR INC., and ST. NICHOLAS MOBILE OF NY INC., and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**NATURE OF THE ACTION**

1. Pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime wages; (2) unpaid commissions; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Pursuant to the New York Labor Law ("NYLL"), Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wages; (2) unpaid overtime wages; (3) unpaid spread-of-hours premium; (4) unpaid commissions; (5) statutory damages arising out of Defendants' failure to provide required wage and hour law notices; (6) liquidated damages and civil penalties pursuant to NYLL and the New York State Wage Theft Prevention Act; (7) prejudgment and post judgment interest; and (8) attorneys' fees and costs.

1

3. Pursuant to the New York State Human Rights Law, N.Y. Executive Law §§ 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Administrative Code §§ 8-101 et seq. ("NYCHRL"), Plaintiff Nicholas Castillo is entitled to recover from Defendants the declaratory, injunctive, punitive and monetary relief to redress Defendants' unlawful employment practices, including unlawful discrimination against Plaintiff because of his sexual orientation.

**ADMINISTRATIVE PROCEDURES**

4. Following commencement of this action, a copy of this Complaint will be served both on the New York City Commission of Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

5. Any and all other prerequisites to the filing of this suit have been met.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

8. Plaintiffs are adults, over eighteen years old, and residents of New York.

9. Defendant St. Nicholas Mobile of NY Inc. (an "Entity Defendant") is a domestic business corporation organized and existing under the laws of the State of New York, with a process services address of 1491 St. Nicholas Ave., New York, NY 10033.

10. Defendant Vision Cellular Inc., (an "Entity Defendant"), is a domestic business corporation organized and existing under the laws of the State of New York, with a process services address of 1618 Westchester Ave., Bronx, NY 10472.

11. Boost Mobile's website lists "authorized retailer" locations at 1491 St. Nicholas Ave., New York, NY 10033 and 1618 Westchester Ave., Bronx, NY 10472. Google Street View searches indicate Boost Mobile signage and storefront design at both locations.

12. The Plaintiffs worked at Boost Mobile stores located at the same service of process addresses for the Entity Defendants, 1491 St. Nicholas Ave., New York, NY 10033 and 1618 Westchester Ave., Bronx, NY 10472.

13. Upon information and belief, Defendant Roman Isakov (an "Individual Defendant") was and still is an owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Entity Defendants. Roman Isakov is a resident of Queens County, New York.

14. Upon information and belief, Defendant David Abramov (an "Individual Defendant") was and still is an owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Entity Defendants. David Abramov is a resident of Kings County, New York.

15. The Individual Defendants actively participate in the day-to-day operations of the Entity Defendants and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

16. The Individual Defendants run two Boost Mobile Authorized Retail Stores and sell phone plans, cell phones and cell phone accessories.

17. Upon information and belief, the Defendants exercise control over the terms and conditions of their employees' employment, including Plaintiff's employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

18. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that at all relevant times it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

19. Defendants continuously employed Plaintiffs to work as non-exempt employees.

20. At all relevant times, the work performed by Plaintiffs was essential to the business owned and operated by the Defendants.

21. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages for each hour of employment in direct contravention of the NYLL's minimum wage requirements.

22. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and NYLL.

23. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the NYLL.

24. Defendants knowingly and willfully failed to accurately provide Plaintiffs their wage notices and wage statements in direct contravention of the New York Wage Theft Prevention Act.

25. Individual Defendants Isakov and Abramov directly and willfully discriminated against Plaintiff Nicholas Castillo due to his sexual orientation.

26. Defendants knowingly and willfully failed to pay Plaintiffs their owed and earned commissions from selling items for the Defendants.

27. Plaintiffs have satisfied all conditions precedent to the institution of this action or such conditions have been waived.

## STATEMENT OF FACTS

28. Plaintiffs at all relevant times were covered employees within the meaning of the FLSA and NYLL.

### *Plaintiff Nicholas Castillo*

29. In or about March, 2019, Plaintiff Nicholas Castillo ("Plaintiff Castillo") was hired to work for Boost Mobile-authorized dealers at the locations of the Entity Defendants listed above.

30. Upon information and belief and in or about February of 2021, previous owners sold the Entity Defendants to the Individual Defendants Roman Isakov and David Abramov. The claims being brought arose after Individual Defendants took ownership and control of the Entity Defendants.

31. Plaintiff Castillo's employment with Defendants Roman Isakov and David Abramov lasted approximately one month until he was unlawfully terminated in March of 2021.

32. Plaintiff Castillo's job duties consisted of selling cell phone plans, cell phones, and other sold goods. His duties also consisted of greeting customers, and helping them with their purchases.

33. Throughout his employment with the Individual Defendants, Plaintiff Castillo's regular work schedule was 6 days per week, from Monday to Saturday, approximately 9 am to 8 pm. These hours were not fixed; Defendants frequently directed Plaintiff Castillo to begin work earlier and/or end later.

34. Plaintiff Castillo worked between 60-70 hours per week during this period of employment.

35. Throughout Plaintiff Castillo's employment, Defendants did not have a time clocking system and so Plaintiff did not clock in and out to track work hours.

36. For the duration of Plaintiff Castillo's employment, Defendants paid him a weekly rate of $780 regardless of the hours he worked per week. Plaintiff Castillo was paid every Monday, in cash.

37. For the duration of his employment, Defendants agreed to pay Plaintiff Castillo commission at a rate of 10% of all sales of every phone or phone accessory that he sold to customers, and 10% of the initial value of every phone plan that he activated for customers. Defendants failed to pay commissions as promised.

38. Individual Defendant David Abramov would continually make discriminatory comments about the Plaintiff Castillo's sexuality.

39. Plaintiff Castillo is a gay male.

40. Defendant Abramov would say that he would not work alongside Plaintiff Castillo because of his sexuality.

41. He would also make derogatory terms in Spanish to Plaintiff like "pato" or "maricon" at work (which are Spanish slurs against homosexuals), as well as make these comments to Plaintiff Castillo's coworkers.

42. Defendant Abramov would also tell Plaintiff Castillo's coworkers that he would fire him because he did not want to work with a homosexual.

43. Defendant Abramov would also tell Plaintiff Castillo's coworkers that he was a thief and did not do his job properly and other slanderous and false accusations.

44. Defendant Abramov would make threats to the employees that he would fire the Plaintiff because of his sexual orientation.

45. Defendant Abramov did not make the decision to hire Plaintiff Castillo.

46. Defendant Abramov made good on his discriminatory theats, unlawfully terminating Plaintiff's employment in March of 2021.

47. Defendant Abramov replaced Plaintiff Castillo with a straight male.

***Plaintiff Armando Herrera***

48. On or about August 6, 2021, Plaintiff Armando Herrera ("Plaintiff Herrera") was hired to work for Boost Mobile-authorized dealers located at 1491 St Nicholas Ave and 1789 St Nicholas Avenue in Washington Heights, NY.

49. Plaintiff Herrera worked for Individual Defendants Roman Isakov and David Abramov during the period of his employment at the Boost Mobile locations.

50. Plaintiff Herrera's employment with Defendants Roman Isakov and David Abramov ended in October of 2021 when Plaintiff resigned.

51. Plaintiff Herrera's job duties consisted of selling cell phone plans, cell phones, and other sold goods. His duties also consisted of greeting customers, helping them with their purchases.

52. Throughout the employment with the Individual Defendants, Plaintiff Herrera's regular work schedule was 6 days per week, from Monday to Saturday, from about 10 am to 7:30 pm.

53. Plaintiff Hererra worked around 65 hours per week during this period of employment.

54. Throughout the employment, Defendants did not have a time clocking system and so Plaintiff did not clock in and out to track work hours.

55. Throughout the employment, Plaintiff Herrera was paid a daily rate of $100 regardless of the hours he worked per day. Plaintiff Hererra was paid every Monday, in cash.

***Plaintiff Sheriddan Vasquez***

56. On or about March 2021, Plaintiff Sheriddan Vasquez ("Plaintiff Vasquez") was hired to work for Boost Mobile authorized dealer located at 1491 St Nicholas Ave.

57. The employment ended October 27th, 2021.

58. Throughout the employment, Plaintiff Vasquez was never provided paystubs that reflected her work hours and pay.

59. Throughout the employment, Plaintiff Vasquez routinely worked more than 40 hours per week.

60. Defendants failed to compensate Plaintiff Vasquez at a level at or above minimum wage and overtime compensation in the lawful amount for all hours worked over forty in a workweek.

61. Plaintiff Vasquez regularly worked over ten (10) hours per day.

62. Defendants failed to pay Plaintiff Vasquez for all hours worked, including overtime premium and spread of hours premium.

63. Throughout the employment, Plaintiff Vasquez was paid a daily rate of $130 regardless of the hours she worked per day. Plaintiff Vasquez was paid every Monday, in cash.

64. Defendants failed to timely pay Plaintiff Vasquez commissions earned within the time required by the NYLL and failed to pay her promised commissions multiple times.

65. At no point did Defendants inform Plaintiff Vasquez of the minimum wage or overtime provisions of the FLSA or the NYLL.

66. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff Herrera either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and NYLL and the supporting federal and New York State Department of Labor Regulations.

67. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff Herrera "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the NYLL and the supporting New York State Department of Labor Regulations.

68. Defendants did not furnish Plaintiff Vasquez with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by NYLL § 195.

69. At all relevant times, upon information and belief, and during the course of Plaintiff Vasquez's employment, Defendants failed to maintain accurate and sufficient time and pay records.

70. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the FLSA and NYLL.

71. The relevant statutory period for purposes of this suit is the six-year preceding the date of the filing of the complaint.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Overtime Pay

72. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

73. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

74. Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

75. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

76. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

77. Plaintiffs were entitled to be paid at the regular rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

78. Defendants failed to pay Plaintiffs minimum wage and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

79. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

80. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff.

81. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

82. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

83. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

84. Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

85. Plaintiffs are entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay

86. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

87. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

88. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay Plaintiffs the applicable regular rate for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

89. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.

90. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay "spread of hours" premium to Plaintiffs for each day he worked in excess of ten (10) hours.

91. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the NYLL.

92. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations.

93. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

94. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations.

95. At the time of their hiring, Defendants failed to notify Plaintiffs of their rates of pay and their regularly designated payday, in contravention of New York Labor Law §195(1).

96. Due to the Defendants' New York Labor Law violations, Plaintiff are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for the regular rate for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

97. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III: NYLL – Annual Wage Notice and Periodic Wage Statements**

98. Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

99. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as thier primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with

NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

100. Through Defendants' knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

101. Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

102. Through Defendants' knowing or intentional failure to provide Plaintiffs with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

103. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

104. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed

to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**COUNT IV: NYLL – Failure to Pay Wages in Violation of New York Labor Law Section 191**

105. Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

106. Defendants failed to pay Plaintiffs earned commissions which constitute wages within the meaning of the New York Labor Law.

**COUNT V: Violation of the NYSHRL and/or the NYCHRL**

**Discrimination Based On Sexual Orientation**

107. Plaintiff Castillo re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

108. Plaintiff Castillo was subject to unwelcome sexual harassment, as specified above.

109. Defendant David Abramov perpetrated this sexual harassment while he exercised managerial and/or supervisory control and responsibility over Plaintiff Castillo during the course of the Plaintiff's employment with the Defendants. The harassment was based on Plaintiff Castillo gender and sexual orientation.

110. The sexual harassment by Mr. Abramov substantially interfered with Plaintiff Castillo's employment and created an intimidating, hostile, and offensive work environment in violation of New York City Human Rights Law (New York City Administrative Code § 8-107) and in violation of New York State Human Rights Law (New York Executive Law § 296)

111. The harassment affected a term, condition, or privilege of employment, as specified above.

112. The entirety of the acts which constitute and form this cause of action, as set forth above, all of which are deemed repeated and re-alleged herein as though said paragraphs were specifically set forth herein, were perpetrated upon Plaintiff while he was in the course of his employment with the Corporate Defendants.

113. The conduct the Defendants took against Plaintiff Castillo that forms the basis of this cause of action was unwelcome to him, a fact which the Defendants knew as a result of the management authority it permitted Abramov to abuse and the actual nature of the conduct. Plaintiff Castillo could not complain to anyone because Mr. Abramov was one of the owners and his direct supervisor.

114. The Corporate Defendants are liable to Plaintiff Castillo for the sexually hostile and abusive treatment he suffered in the workplace because of the unlawful conduct that was engaged in by their management and supervisory personnel, who allowed and condoned a workplace permeated with discriminatory intimidation and sexually harassment that altered the terms, conditions and privileges of Plaintiff Castillo's employment, and created an abusive, threatening and hostile work environment where Plaintiff Castillo was treated less well because of his gender.

115. The Corporate Defendants were obligated to maintain a workplace free of hostility and prevent sexual harassment which results in a hostile or abusive work environment is a form of gender discrimination prohibited by the NYSHRL and NYCHRL. (See Williams v New York City Hous. Auth., 61 A.D.3d 62, 75, 872 N.Y.S.2d 27 [1st Dept 2009]).

116. Defendants knew or should have known that Mr. Abramov was engaged in this behavior both because Mr. Abramov was quite outspoken that he did not like that the Plaintiff Castillo was a homosexual and constantly stated that he wanted to fire him for being gay and made

slurs in English, Spanish and Arabic. Mr. Abramov would make these comments not only to Plaintiff Castillo but also to other employees.

117. The sexual harassment, discriminatory conduct, and communications by defendants substantially interfered with Plaintiff's employment, in violation of New York State Human Rights Law (New York Executive Law § 296), and denied him equal terms and conditions of employment, including but not limited to denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment.

118. As a direct and proximate result of defendants' unlawful employment practices, Plaintiff Castillo has suffered the indignity of disparate treatment, discrimination, the invasion of rights to be free from discrimination, and great humiliation.

119. As a direct and proximate result of defendants' unlawful employment practices, Plaintiff Castillo has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

120. As a further and proximate result of these unlawful employment practices, Plaintiff Castillo has suffered extreme mental anguish, outrage, severe anxiety about her future, painful embarrassment among her friends and co-workers, disruption of his personal life and loss of enjoyment of the ordinary pleasures of everyday life.

121. The Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of the state and city human rights law for which Plaintiff Irons is entitled to an award of punitive damages.

122. Defendants' actions as described herein constitute unlawful discriminatory practices as defined in the New York City Human Rights Law. 82.

### COUNT VI: Retaliation under the NYCHRL and/or NYSHR:

123. Plaintiff Castillo repeats and relates the allegations contained above with the same force and effect as if set forth at length herein.

124. By the actions described above, among others, Defendants retaliated against Plaintiff Castillo on the basis of his engagement in protected activities in violation of the NYSHRL.

125. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff Castillo has suffered, and continues to suffer, monetary and/or other economic harm for which he is entitled an award of monetary damages and other relief.

126. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff Castillo has suffered, and continues to suffer, severe mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

127. Defendants are liable for all other applicable damages including but not limited to punitive damages and attorneys' fees and costs.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, NICHOLAS CASTILLO, ARMANDO HERRERA, AND SHERIDDAN VASQUEZ respectfully request that this Court grant the following relief:

i. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and NYLL;

ii. An award for unpaid spread-of-hours premium due under the NYLL;

iii. An award of unpaid commissions due under the NYLL;

iv. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

    v.        An award of liquidated damages as a result of Defendants' failure to pay minimum wage, overtime, and spread-of-hours compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

    vi.        An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

    vii.        An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

    viii.        Directing Defendants to pay Plaintiff Castillo compensatory damages, including damages for his severe mental anguish, and emotional distress, denial of life's pleasures, and humiliation.

    ix.        Directing Defendants to pay Plaintiff Castillo punitive damages for its willful and wanton violation of the NYSHRL, pursuant to NYSHRL, § 297(9);

    x.        An award of prejudgment and post-judgment interest;

    xi.        An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b); NYLL and NYSHRL, § 297(10); and

    xii.        Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       August 9, 2022

                      Respectfully Submitted,

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____

Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810
(718) 669-0714
mgangat@gangatllc.com
*Attorneys for Plaintiff*