UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

NICHOLAS CASTILLO, ARMANDO
HERRRERA, SHERIDDAN VASQUEZ

                   Plaintiffs,

                   - against -

ROMAN ISAKOV, DAVID ABRAMOV, VISION
CELLULAR INC., ST. NICHOLAS MOBILE OF
NY INC.,

                   Defendants.
---------------------------------------------------------------X

22 Civ. 06888 (LJL) (GS)

ORDER CANCELLING INQUEST
HEARING & REQUESTING
ADDITIONAL BRIEFING

**GARY STEIN, United States Magistrate Judge:**

      This matter has been referred to me to conduct an inquest concerning Plaintiffs' damages and attorneys' fees following a default judgment against Defendants Roman Isakov, David Abramov, Vision Cellular Inc., and St. Nicholas Mobile of NY Inc. ("Defendants"). (Dkt No. 28).

      The Court, having reviewed Plaintiff's renewed motion for default judgment (Dkt. No. 29), the memorandum in support of the motion (Dkt. No. 30), the declaration of Mohammad Gangat and accompanying exhibits (Dkt No. 31, Ex. A-I), Plaintiff's proposed default judgment (Dkt. No. 32), and Judge Liman's October 12, 2023 Order of default against Defendants (Dkt. No. 28), hereby **ORDERS** that:

      1.    The inquest hearing scheduled for Tuesday, October 29, 2024, at 10:00 a.m. is hereby **CANCELLED**. The Court may conduct an inquest into damages based solely upon the written submissions of the parties. *See, e.g.*, *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015). Having reviewed Plaintiffs' submissions, the Court does not believe there is any need to hear live

testimony or otherwise conduct a hearing. Any party who believes a hearing should be conducted must so inform the Court by November 15, 2024, and present reasons therefor.

2. By no later than **November 8, 2024**, Plaintiffs' counsel shall provide an additional submission on Mr. Castillo's reasonable efforts to mitigate damages and seek other suitable employment after his termination on March 27, 2021. *See Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231–32 (1982); *Azkour v. Little Rest Twelve*, No. 10 Civ. 4132 (RJS) (KNF), 2014 WL 12779560, at *4 (S.D.N.Y. Mar. 26, 2014) ("A plaintiff seeking back pay has a duty to mitigate damages by actively seeking new employment."). Mr. Castillo states that he received three job offers after his termination and before accepting new employment on July 11, 2021. (Dkt. No. 31, Ex. C ¶ 9-10). In his affidavit, Mr. Castillo explained that he "did not accept the offers because [he] did not feel ready to start working and felt scared after being discriminated against . . . ." (*Id.* ¶ 9). The Court requests that Plaintiffs' counsel provide case law support for the proposition that Mr. Castillo's refusal to accept these job offers for this reason is consistent with his duty to mitigate damages. Plaintiffs' counsel also may provide additional evidence in support of this argument. In the event that the Court does not agree with Mr. Castillo's argument, counsel is further directed to provide information on when Mr. Castillo received these three job offers and how much that employment would have paid had Mr. Castillo accepted.

**SO ORDERED.**

Dated:   New York, New York
         October 21, 2024

_____
GARY STEIN
United States Magistrate Judge