UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NICHOLAS CASTILLO, ARMANDO
HERRERA, SHERIDDAN VASQUEZ

                  Plaintiffs,

              - against -

ROMAN ISAKOV, DAVID ABRAMOV, VISION
CELLULAR INC., ST. NICHOLAS MOBILE OF
NY INC.,

                  Defendants.

-----------------------------------------------------------------X

22 Civ. 06888 (LJL) (GS)

ORDER REQUESTING
SUPPLEMENTAL BRIEFING

**GARY STEIN, United States Magistrate Judge:**

        In compliance with Judge Liman's October 12, 2023 Order (Dkt. No. 28), Plaintiffs filed their renewed motion for default judgment and supporting briefing and affidavits (Dkt. Nos. 29–32) on April 17, 2024. Following that submission, the Second Circuit, on August 30, 2024, issued its ruling in *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024), deciding an issue regarding Article III standing for claims for statutory damages under Sections 195 and 198 of the New York Labor Law ("NYLL"). In *Guthrie*, the Second Circuit held that to establish injury-in-fact to pursue claims under NYLL §§ 195 and 198 in federal court, "a plaintiff cannot rely on 'technical violations' of the Labor Law but must allege 'actual injuries suffered as a result of the alleged . . . wage notice and wage statement violations.'" *Id*. at 305 (citation omitted). The Court determined that "a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm" that the statute seeks to prevent; unless the plaintiff can show that he or she "plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided, the plaintiff has not established a concrete injury-in-fact sufficient to confer standing to seek statutory damages under § 195." *Id.*

at 308.  Because the plaintiff in *Guthrie* failed to satisfy this requirement, the Court (in the context of a motion for a default judgment) affirmed the district court's dismissal of the plaintiff's claim for statutory damages.  *Id*. at 303.

In their renewed motion for default judgment, Plaintiffs here all seek statutory damages under NYLL §§ 195 and 198.  (*See* Dkt. No. 30 at 16–17).  Plaintiffs' memorandum of law and supporting affidavits, however, merely assert that Plaintiffs did not receive the required wage notices and wage statements, without claiming any resulting "downstream harm" as required by *Guthrie*.  (*See id.* at 9, 16–17; Dkt. No. 31 Ex. D ¶¶ 24–25; Dkt. No. 31 Ex. E ¶¶ 14–15; Dkt. No. 31 Ex. G ¶¶ 17–18).  Recognizing that Plaintiffs' submission was made prior to *Guthrie*, the Court will provide Plaintiffs with an opportunity to make a supplemental submission, by no later than **Thursday, December 12, 2024**, showing how and why they are entitled to statutory damages under the NYLL in light of *Guthrie*.  The Court notes that any such showing may need to be supported by additional affidavits or other evidence.  *See Guthrie*, 113 F.4th at 308–09 ("Because the elements of Article III standing are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.") (citation omitted).

**SO ORDERED.**

Dated:   New York, New York
         November 27, 2024

_____
GARY STEIN
United States Magistrate Judge