**Law Office of Mohammed Gangat**   675 3rd Ave, Su 1810, NY, NY 10017
(718) 669-0714  mgangat@gangatpllc.com

December 19, 2024

<u>VIA ECF</u>
Hon. Magistrate Judge Gary Stein
United States District Court
Southern District of New York
500 Pearl Street,
New York, NY 10007

Re:  *Nicholas Castillo, et. al. v. Roman Isakov, et. al.*,
<u>Case No. 1:22-cv-06888-LJL-GS</u>

To the Honorable Judge Stein:

I represent plaintiffs Nicholas Castillo, Armando Herrera, and Sheriddan Vasquez, ("Plaintiffs"), in the above-referenced action against defendants Roman Isakov, David Abramov, Vision Cellular Inc., and St Nicholas Mobile of NY Inc. (collectively, "Defendants"). I am writing to respectfully submit this supplemental response to establish their entitlement to statutory damages under NYLL §§ 195 and 198, pursuant to the Court's Order of Requesting Supplemental Briefing (the "Order") at ECF #40.

In light of the Second Circuit's decision in <u>Guthrie v. Rainbow Fencing Inc.</u>, 113 F.4th 300 (2d Cir. 2024), Plaintiffs have demonstrated concrete downstream harm arising from Defendants' failure to provide wage notices and wage statements. These harms include financial losses, impaired ability to track earnings, emotional distress, and delayed access to remedies, all of which satisfy the requirements of Article III standing as articulated in <u>Guthrie</u>.

In <u>Guthrie</u>, the Second Circuit emphasized that claims for statutory damages under NYLL §§ 195 and 198 must demonstrate injury-in-fact beyond technical statutory violations. Plaintiffs must show actual harm directly resulting from the lack of wage notices and statements. This harm may include financial loss, difficulty monitoring wages, impaired decision-making, emotional distress, or delayed ability to take legal action. <u>Id</u>. at 305.

**Harm to Plaintiffs Demonstrated in Affidavits**

At this time, Plaintiffs are submitting their affidavits with the filing of this letter to support the downstream harm they suffered due to Defendants' failure to provide annual wage notice and periodic wage statements.

1. Financial Loss and Impaired Wage Monitoring

All three Plaintiffs detail financial harm resulting from their inability to track wages, identify underpayments, and promptly address discrepancies due to the lack of wage notices and statements.

For Sheriddan Vasquez, Vasquez discovered that her wages fell below the minimum wage only after manually calculating her pay, a task made necessary by Defendants' failure to provide

Hon. Gary Stein, U.S.M.J.
December 19, 2024
Page 2 of 3

wage notices or statements. (*See* Vasquez Affidavit.[1] ¶ 8.) The absence of accurate wage statements prevented her from verifying overtime payments or rectifying underpayments in a timely manner, exacerbating her financial losses. (*See* Vasquez Affidavit. ¶ 11-12.) Vasquez explicitly states that wage notices would have educated her on her legal rights to overtime and proper pay, enabling him to identify and address discrepancies earlier. (*See* Vasquez Affidavit. ¶ 21.)

For Nicholas Castillo, Castillo explains that he was unaware of whether his pay accurately reflected overtime and commissions because Defendants did not provide wage statements. (*See* Castillo Affidavit.[2] ¶ 5.) This lack of documentation delayed his discovery of underpayments, directly contributing to financial harm. (*See* Castillo Affidavit. ¶ 10.) Without wage notices, Castillo was unable to understand his legal rights or negotiate better pay, resulting in ongoing financial losses. (*See* Castillo Affidavit. ¶ 16-17.)

For Armando Herrera, Herrera experienced confusion regarding the calculation of his pay, especially overtime, due to the lack of wage notices and statements. (*See* Herrera Affidavit.[3] ¶ 6.) His affidavit establishes that the absence of wage records delayed his discovery of underpayments, causing him to lose money. (*See* Herrera Affidavit. ¶ 9, 11.) Herrera asserts that timely access to wage statements would have enabled him to detect errors earlier and take corrective action. (*See* Herrera Affidavit. ¶ 10.)

2. Emotional Distress and Anxiety

Each Plaintiff recounts emotional harm directly linked to Defendants' statutory violations.

For Sheriddan Vasquez, Vasquez experienced stress and anxiety over her inability to confirm whether she was being paid fairly. (*See* Vasquez Affidavit. ¶ 15.) This emotional toll compounded her financial struggles and affected her ability to provide for her family. (*See* Vasquez Affidavit. ¶ 15.) The confusion caused by the absence of wage documentation eroded her trust in Defendants and led to feelings of exploitation. (*See* Vasquez Affidavit. ¶ 16-17.)

For Nicholas Castillo, Castillo describes feelings of betrayal and mistrust due to Defendants' refusal to provide wage information. (*See* Castillo Affidavit. ¶ 14.) The lack of transparency caused him significant anxiety, particularly as he struggled to meet basic living expenses, such as rent. (*See* Castillo Affidavit. ¶ 13.)

For Armando Herrera, Herrera details the stress, anxiety, and emotional distress he suffered from not knowing if he was being paid correctly. His inability to track wages left him feeling unsupported and exploited by his employer, further exacerbating his emotional harm. (*See* Herrera Affidavit. ¶ 14-15.)

3. Impaired Decision-Making

---

[1] "Vasquez Affidavit" refers to plaintiff Sheriddan Vasquez's affidavit dated December 18, 2024.
[2] "Castillo Affidavit" refers to plaintiff Nicholas Castillo's affidavit dated December 19, 2024.
[3] "Herrera Affidavit" refers to plaintiff Armando Herrera's affidavit dated December 17, 2024.

Hon. Gary Stein, U.S.M.J.
December 19, 2024
Page 3 of 3

The absence of wage notices and statements undermined Plaintiffs' ability to make informed decisions regarding their employment and financial planning.

For Sheriddan Vasquez, Vasquez states that wage notices would have clarified her legal rights, enabling her to negotiate for better pay or seek alternative employment. (*See* Vasquez Affidavit. ¶ 18.)  Without this information, she made decisions based on incomplete or misleading information from Defendants. (*See* Vasquez Affidavit. ¶ 19.)

For Nicholas Castillo, Castillo similarly asserts that proper wage documentation would have allowed him to identify underpayments and negotiate better terms or pursue other opportunities. (*See* Castillo Affidavit. ¶ 8-10; 16.) The lack of clarity regarding his earnings impaired his ability to budget and report income accurately. (*See* Castillo Affidavit. ¶ 12.)

For Armando Herrera, Herrera describes how the absence of wage notices and statements hindered his ability to advocate for fair pay or seek better opportunities. (*See* Herrera Affidavit. ¶ 17-18.) He explicitly states that he would have made different employment decisions if he had been properly informed of his rights. (*See* Herrera Affidavit. ¶ 16.)

4.  Addressing Delayed Access to Legal Remedies

All three Plaintiffs highlight that the lack of wage notices and statements delayed their ability to pursue legal remedies for unpaid wages.

All three Plaintiffs were unaware of their legal rights under NYLL §§ 195 and 198 until they sought legal counsel.  (*See* Vasquez Affidavit. ¶ 20; see Castillo Affidavit. ¶ 17; *see also* Herrera Affidavit. ¶ 19.)  The absence of wage documentation not only delayed the initiation of legal action but also made it more difficult to gather evidence to support their claims, weakening their cases. (*See* Vasquez Affidavit. ¶ 22; Castillo Affidavit. ¶ 18; Herrera Affidavit. ¶ 20-21.)

**Conclusion**

The affidavits of Plaintiffs Sheriddan Vasquez, Nicholas Castillo, and Armando Herrera clearly establish the actual harms they suffered due to Defendants' failure to provide wage notices and wage statements. These harms include financial losses, emotional distress, impaired decision-making, and delayed access to legal remedies. Accordingly, Plaintiffs satisfy the injury-in-fact requirement articulated in Guthrie and respectfully request that the Court grant their renewed motion for default judgment for statutory damages under NYLL §§ 195 and 198.

As always, I thank the Court for its time and attention to this matter.  Thank you.

Respectfully Submitted,
***/s/ Mohammed Gangat***
Mohammed Gangat, Esq.